IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED SURGICAL PARTNERS INTERNATIONAL, INC., | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:14-CV-0499-D |
| VS. | § § | |
| BRANDON TREVOR STITT, | § § | |
| Defendant. | § § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff United Surgical Partners International, Inc. ("United Surgical") moves for entry of a protective order under Fed. R. Civ. P. 26(c). For the reasons that follow,[1] the court grants the motion and enters a protective order that is substantially in the form that United Surgical requests.[2]

I

United Surgical has filed an expedited motion for entry of a protective order. Defendant Brandon Trevor Stitt ("Stitt") agrees that a protective order should be entered in

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] The court has included on page 1 of the protective order standard language that it includes in all protective orders. The inclusion of these paragraphs is not affected by the merits of the instant dispute.

this case, but he disagrees with the scope of the designation that United Surgical requests for

"Confidential Information and Attorney Eyes Only Information." United Surgical proposes

the following language:

> Confidential Information and Attorney Eyes Only Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already *bound by agreement* not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

P. App. 3 (Proposed Protective Order ¶ 2) (emphasis added). Stitt, by contrast, proposes the

following language:

> Confidential Information and Attorney Eyes Only Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already *bound by Court Order or agreement entered into by the parties in the above-referenced action* not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

D. Resp. 4; P. App. 17 (emphasis added). Stitt contends that United Surgical's proposal is

overly broad because it incorporates agreements that were entered into by the parties outside

of this action, and the parties dispute the legal effect of such agreements. According to Stitt,

if the court adopts United Surgical's proposal, which incorporates these disputed agreements,

the protective order becomes a *de facto* preliminary injunction.

II

Rule 26(c) provides, in pertinent part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

United Surgical has demonstrated good cause for entry of a protective order; in fact, Stitt explicitly agrees that a protective order should be entered in this case.  The only issue is the scope of the "Confidential Information and Attorney Eyes Only Information" designation found in ¶ 2 of the proposed order.  The court disagrees with Stitt's contention that adopting United Surgical's proposal is tantamount to issuing a preliminary injunction.  Under the proposed protective order, Stitt can still challenge United Surgical's designation of information as "Confidential Information and Attorney Eyes Only Information."  *See* P. App. 5 (Proposed Protective Order ¶ 5).  This section of the proposed order provides, in relevant part, that

> [a] receiving party may challenge a producing party's designation at any time.  Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. . . .  If the parties are unable to reach agreement . . . the receiving party may at any time thereafter

> seek an order to alter the Confidential Information or Attorney[]
> Eyes Only Information status of the designated information.

*Id.*  Under this procedure, if Stitt challenges a designation by United Surgical that United Surgical declines to change, Stitt can seek court review.

Stitt argues that this procedure improperly places the burden on him to challenge the designation.  The court disagrees.  As the Third Circuit has observed, this type of procedure does not impermissibly shift the burden of persuasion to the nonmovant:

> It is correct that the burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order; any other conclusion would turn Rule 26(c) on its head.  That does not mean, however, that the party seeking the protective order must necessarily demonstrate to the court in the first instance on a document-by-document basis that each item should be protected.  It is equally consistent with the proper allocation of evidentiary burdens for the court to construct a broad "umbrella" protective order upon a threshold showing by one party (the movant) of good cause.  Under this approach, the umbrella order would initially protect all documents that the producing party designated in good faith as confidential.  After the documents [are] delivered under this umbrella order, the opposing party [can] indicate precisely which documents it believe[s] to be not confidential, and the movant would have the burden of proof in justifying the protective order with respect to those documents.  The burden of proof would be at all times on the movant; only the burden of raising the issue with respect to certain documents would shift to the other party.

*Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986) (footnote omitted).  By granting United Surgical's motion and adopting the pertinent part of its proposed order, the court is neither preventing Stitt from contesting United Surgical's designation of information as "Confidential Information and Attorney Eyes Only Information," nor shifting the burden

- 4 -

to Stitt to establish that United Surgical is not entitled to protection as to the contested information.  Should Stitt contest such a designation, United Surgical will have the burden of demonstrating that it properly designated the information.

In granting United Surgical's motion, the court recognizes, as has the Third Circuit in *Cipollone*, that "there is a danger . . . that counsel will err on the side of caution by designating [as] confidential any potentially sensitive document." *Id.* at 1122 n.17.  Counsel should therefore be mindful of the cautionary language of the *Manual for Complex Litigation* that "counsel should not mark documents as protected under the order without a good-faith belief that they are entitled to protection[.]" *Manual for Complex Litigation* § 11.432, at 64 n.134 (4th ed. 2004).

\* \* \*

Accordingly, United Surgical's May 19, 2014 expedited motion for entry of protective order is granted, and the court today enters a protective order that is substantially in the form that United Surgical proposes.

**SO ORDERED.**

June 5, 2014.



SIDNEY A. FITZWATER
CHIEF JUDGE